IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYONDA WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-471-S-BN |
| | § | |
| WILLIS TOWERS WATSON, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tyonda Wilson brings this *pro se* action against her former employer, alleging retaliation in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* (the "ADEA"). *See* Dkt. No. 3. Her action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer.

On April 5, 2019, the deadline for Ms. Wilson to file an amended motion for leave to proceed *in forma pauperis* ("IFP") and verified responses to the screening questionnaire, *see* Dkt. Nos. 5 & 6, she filed a Motion for Leave, Extension or Dismissal Without Prejudice [Dkt. No. 7], requesting "an extension, continuance or dismissal without prejudice" because she has "not been able to research and provide the necessary time to this case due to the long hours trying to earn money driving for Lyft."

The Court responded by entering a notice of deficiency on April 8, 2019 [Dkt. No. 8] (the "NOD"):

> To the extent that Ms. Wilson requests that her case be dismissed without prejudice, this filing could be construed as a notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i), which is self-executing. *See* FED. R. CIV. P. 41(a)(1)(A) (subject to some exceptions, "the plaintiff may dismiss an action without a court order by filing: ... (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment"); *see also Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (per curiam) (a notice of dismissal under Rule 41(a)(1)(A)(i) "is effective immediately upon filing"); *Taylor v. Tesco Corp. (US)*, 816 F. Supp. 2d 410, 411 (S.D. Tex. 2011) ("Although styled a 'motion to dismiss,' Plaintiff's ... filing had the effect of a Rule 41(a)(1) notice of dismissal as to any defendants who had not yet served either an answer or a motion for summary judgment." (citing *Matthews*, 902 F.2d at 880)); *Williams v. Ezell*, 531 F.2d 1261, 1263-64 (5th Cir. 1976) ("At the time plaintiffs filed their motion to dismiss the case was effectively terminated.").
>
> An unambiguous Rule 41(a)(1)(A)(i) notice divests the Court of jurisdiction. *See Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010). But Ms. Wilson is proceeding *pro se*. And the dismissal of this action even without prejudice, *see* FED. R. CIV. P. 41(a)(1)(B), could operate to dismiss her claims with prejudice, *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) ("If a Title VII complaint is timely filed pursuant to an EEOC right-to-sue letter and is later dismissed, the timely filing of the complaint does not toll the ninety-day limitations period." (citation omitted)); *Bluitt v. Houston Indep. Sch. Dist.*, 236 F. Supp. 2d 703, 715 (S.D. Tex. 2002) ("[A]s with a Title VII claim, an ADEA claim must be filed within ninety days after receipt of a notice of right to sue." (citing 29 U.S.C. § 626(e); *St. Louis v. Tex. Worker's Comp. Comm'n*, 65 F.3d 43, 47-48 (5th Cir. 1995))).
>
> Ms. Wilson must therefore file a written response to this order no later than **May 8, 2019** to confirm that she wishes to dismiss this litigation. She may, alternatively, file by that date her amended motion for leave to proceed IFP and verified responses to the screening questionnaire. But failure to take any action by that date will result in a recommendation that her complaint be dismissed for failure to prosecute and obey orders of the Court under Federal Rule of Civil Procedure 41(b).

*Id.*

It is now almost three months past the deadline to comply with the Court's order, and Ms. Wilson has failed to comply with the NOD or otherwise contact the

Court. The undersigned therefore enters these findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b).

## Legal Standards and Analysis

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171

(5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she

-4-

"disregarded that clear and reasonable order").

By not complying with the NOD, Ms. Wilson has prevented this action from proceeding. And, by so doing, she has failed to prosecute her lawsuit and also failed to obey court orders. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. The undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Ms. Wilson decides to comply with the Court's directives. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

But, if during the period for filing objections to this recommendation, Ms. Wilson complies with the NOD or otherwise indicates an intent to continue to prosecute this action, the undersigned will withdraw the findings, conclusions, and recommendation and continue to manage this action for pretrial purposes.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 29, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE